# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EDDIE GAMBLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:11CV1018 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted an application for habeas corpus, purportedly under 28 U.S.C. § 2241. Generally, petitions pursuant to § 2241 challenge the execution or computation, as opposed to the validity or legality, of the conviction or sentence. This claim does not present such a challenge. It clearly challenges the validity and legality of Petitioner's conviction.

Notwithstanding, relief pursuant to § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of their detention. *See* 28 U.S.C. § 2255; *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). This is the so-called "savings clause" of § 2255. Petitioner's submission is hard to decipher, but he appears to claim that he satisfies the savings clause because he (1) has

already filed a previous § 2255 motion challenging his conviction, (2) has already moved in the Fourth Circuit Court of Appeals for an order authorizing this district court to consider a second or successive § 2255 motion as required by the gatekeeping provisions of 28 U.S.C. § 2255,[1] and (3) that motion was denied by the Fourth Circuit.

It is beyond question, however, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *Jones*, 226 F.3d at 333, citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A contrary rule would effectively nullify the gatekeeping provisions. *Jones* 226 F.3d at 333, citing *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999). The circumstances in which the savings clause applies are limited.

---

[1] Under the gatekeeping provisions of § 2255

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1) & (2).

To file under that clause, a petitioner would have to show that he has unsuccessfully sought approval for a second or successive motion in the court of appeals. (If Petitioner had been successful, of course, he would not have to satisfy the savings clause at all because he would be allowed to file his second § 2255 motion in this Court.) In addition, before his claim can be heard under § 2241, Petitioner must also show that (1) at the time of his conviction, the settled law of the applicable circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted was deemed not to be criminal; and (3) he could not satisfy the gatekeeping provisions of § 2255 because the new rule was not one of constitutional law. *Jones* 226 F.3d at 333-34. Such a showing demonstrates that § 2255 is inadequate or ineffective. *Id.* Here, Petitioner has not even alleged that these circumstances exist. Instead, he seeks to litigate matters that could have been or already were addressed in his criminal case.

Petitioner has failed to show that he satisfies the elements necessary to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, his current filing is not proper and should be dismissed. If Petitioner can make the proper showing in the future, he may then file a motion under § 2241. The Clerk will be directed to supply Petitioner § 2241 forms to help guide him through this process if he can meet the requirements.

**IT IS THEREFORE RECOMMENDED** that this action be filed and then dismissed *sua sponte* without prejudice to Petitioner filing a new action on a § 2241 petition, accompanied by the five dollar filing fee or an application to proceed *in forma pauperis* if he can meet the tests set out above.

**IT IS ORDERED** that the Clerk send Petitioner a copy of this Recommendation, the appropriate § 2241 form, and an application to proceed *in forma pauperis*.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 9, 2012